652 A.2d 722

IN THE MATTER OF GARY LESSER, AN ATTORNEY AT LAW.

February 10, 1995.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that **GARY LESSER,** of **BUDD LAKE,** who was admitted to the bar of this State in 1969, be suspended from the practice of law for a period of three months for violations of *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to respond to client's reasonable requests for information), *RPC* 1.15(a), (b), and (d) (failure to safeguard client funds, failure to notify client promptly of receipt of funds and failure to comply with the recordkeeping provisions of *Rule* 1:21–6);

And the Disciplinary Review Board having further recommended that prior to reinstatement respondent be required to account fully for and to remit to Parsippany Dental Associates all funds due and owing, and that on reinstatement respondent be required to provide the Office of Attorney Ethics for a period of two years with certified audits of his attorney trust and business accounts performed by an accountant approved by the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that the report and recommendation of the Disciplinary Review Board are hereby adopted and respondent is suspended from practice for a period of three months, effective March 1, 1995, and until the further Order of the Court; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of the matter, be added as a permanent part of the file of said GARY LESSER as an attorney at law of the State of New Jersey; and it is further

ORDERED that **GARY LESSER** be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys; and it is further

ORDERED that **GARY LESSER** reimburse the Disciplinary Oversight Committee for appropriate administrative costs, and it is further

ORDERED that prior to submitting a petition for reinstatement respondent account fully for and remit to Parsippany Dental Associates all funds due and owing; and it is further

ORDERED that on reinstatement respondent provide to the Office of Attorney Ethics for a period of two years audits of his

attorney trust and business accounts, said audits to be performed by an accountant approved by the Office of Attorney Ethics, on a schedule to be determined by the Office of Attorney Ethics.